**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 27, 2012

No. 11-50756
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR RAMIREZ-GUZMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-416-2

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Cesar Ramirez-Guzman appeals the concurrent 42-month within-guidelines sentences he received following his guilty plea to (1) conspiracy to possess 50 kilograms or more of marijuana with intent to distribute and (2) possession of 50 kilograms or more of marijuana with intent to distribute. Ramirez-Guzman argues that his sentences were greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range was too severe because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not consider his lack of criminal history, remorsefulness, and need to provide for his family, but considered the unreliable statements from an unknown cooperating source (CS).  He further contends that his sentences are not entitled to a presumption of reasonableness because the drug guidelines are not empirically based.

As Ramirez-Guzman did not object to the reasonableness of his sentences in the district court, review is for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Ramirez-Guzman's reasonableness arguments are unavailing.  When reviewing the reasonableness of a sentence within a properly calculated guidelines range, we generally will infer that the district court considered all of the fair sentencing factors set forth in the Sentencing Guidelines.  *United States v. Mares*, 402 F.3d at 511, 519 (5th Cir. 2005).  The record reflects that the district court expressly considered the § 3553(a) factors as well as Ramirez-Guzman's arguments for mitigating his sentences but implicitly overruled them by concluding that a within-guidelines sentence was "fair and reasonable" considering the circumstances of the case.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).  In addition, the district court did not base its decision on any statements made by the CS, but relied on statements made by Ramirez-Guzman himself as well as statements made by a reliable undercover agent.  Accordingly, we decline Ramirez-Guzman's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Furthermore, Ramirez-Guzman's sentences, which are slightly higher than the middle of the guidelines range, are presumed reasonable.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008).  His empirical data argument is foreclosed by our precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357,

366-67 n.7 (5th Cir. 2009).    Moreover, his general disagreement with the propriety of his sentences and the district court's weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness that attaches to within-guidelines sentence.  *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).  Ramirez-Guzman cannot demonstrate that the district court committed error, plain or otherwise, by sentencing him to concurrent 42-month prison terms.  *See Peltier*, 505 F.3d at 392-93.  Accordingly, the district court's judgment is AFFIRMED.